# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| SONJA K. STARKS, individually and on behalf of all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PUBLIC HOSPITAL DISTRICT NO. 1 OF KING COUNTY, a Washington Public Hospital District,<br><br>Defendant. | No. 2:24-cv-752<br><br>**NOTICE OF REMOVAL** |

**TO:** THE CLERK AND HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON

**AND TO:** SONJA K. STARKS, PLAINTIFF, AND HER COUNSEL OF RECORD

Pursuant to 28 U.S.C. §§ 1331, 1441 and 29 U.S.C. § 185 (Section 301 of the Labor Management Relations Act or "LMRA"), Defendant Public Hospital District No. 1 of King County ("Valley Medical Center" or "VMC") removes this action to this Court from the Washington State Superior Court for King County. In support of this Notice, VMC respectfully states:

## II. STATE COURT ACTION

3. Plaintiff Sonja Sparks ("Plaintiff") commenced this action on April 11, 2024, by filing a Class Action Complaint for Damages and Declaratory Relief ("Complaint") in King County Superior Court, where it was assigned Case No. 24-2-08017-1 KNT. *See* Declaration of

NOTICE OF REMOVAL – 1
(No. 2:24-cv-752)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

167597878.1

Emily A. Bushaw in Support of Notice of Removal ("Bushaw Decl.") at Ex. A ("Complaint").

4. VMC accepted service of the Summons and Complaint on May 10, 2024. *Id.* at ¶3, Ex. E.

5. With this Notice, VMC files a true and correct copy of all process, pleadings, and orders either served on VMC or filed in the State Court Action. *Id.* at Exs. A-E. No further proceedings in this matter have been held in the King County Superior Court. *Id.* at ¶4.

### III. BACKGROUND AND PLAINTIFF'S ALLEGATIONS

4. VMC is a public hospital district. Valley Medical Center, https://www.valleymed.org/about-us/whats-a-public-hospital-district (last accessed May 23, 2024). It is the largest nonprofit healthcare provider between Seattle and Tacoma, serving over 600,000 residents. Valley Medical Center, https://www.valleymed.org/about-us (last accessed May 23, 2024). VMC is engaged in a business affecting commerce. 29 U.S.C. §§ 152(2), (6)(7) and 185.

5. Plaintiff is a former Patient Service Representative with VMC and member of the Office and Professional Employees International Union Local No. 8, AFL-CIO ("OPEIU"); her employment was subject to a collective bargaining agreement between VMC and OPEIU. Complaint at ¶¶3.2, 4.5; Declaration of Carrie Youngblood in Support of Notice of Removal ("Youngblood Decl.") at ¶3, Ex. A ("OPEIU CBA").

6. Plaintiff brings three causes of action. *See generally* Complaint. All three causes of action are governed by the OPEIU CBA. The first two causes of action pertain to VMC's alleged failure to provide compliant meal periods, a subject specifically addressed by Sections 6.1, 6.5, and 6.5(a) of the OPEIU CBA, which include the bargained for terms addressing Plaintiff's meal and rest periods.[1]

7. As to Plaintiff's third cause of action, Refusal to Rehire, Plaintiff alleges that she exhausted a "leave" on September 15, 2022. Complaint at ¶¶5.14. Importantly, Plaintiff does not

---

[1] Plaintiff does not assert rest period claims. *See generally* Complaint.

NOTICE OF REMOVAL – 2
(No. 2:24-cv-752)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

167597878.1

allege that she was on a job-protected (statutory) leave when she resigned on September 15, 2022, nor does she specify what type of "leave" she is referencing in Paragraphs 5.14-5.19 of her Complaint—*e.g.,* Family Medical Leave Act leave (FMLA), Washington Paid Family and Medical Leave law leave (WPFML), contractual leave, or unprotected leave. *See generally id.* According to Plaintiff's resignation letter referenced in paragraphs 5.14 and 5.15 of her Complaint, Plaintiff was on an unprotected and unpaid "personal leave" when she resigned from VMC on September 15, 2022: "I don't currently qualify for FMLA and my Paid Family Medical Leave has been exhausted and my Personal Leave ends on September 17, [sic] 2022. I am therefore resigning my position with Valley Medical Center effective immediately…." Youngblood Decl. at ¶5, Ex. I.[2] Plaintiff was not on a leave governed by any state law or statute. *Id.* Plaintiff further alleges that, on an unspecified date after resigning – during which she was not on a job-protected leave – VMC failed to reinstate her to a job position, resulting in a "refusal to rehire." Complaint at ¶VIII ("Third Cause of Action – Categorical **Refusal to Rehire** in Violation of the Washington Family Leave Act and Family Care Act.") (emphasis added). The OPEIU CBA, rather than any state or federal statute, governs Plaintiff's reinstatement rights after an unpaid leave.

8. Plaintiff seeks alleged wage damages at the overtime rate. Complaint at ¶6.7. The OPEIU CBA governs Plaintiff's overtime pay.

9. The OPEIU CBA's term is January 15, 2021, through October 31, 2024, covering the relevant time period of Plaintiff's allegations. *Compare* OPEIU CBA at pp. 39, 40 *with* Complaint at ¶¶5.1 (Plaintiff's meal period claim ranges from April 11, 2021, to present) and 5.14-5.17 (VMC allegedly failed to reinstate Plaintiff some date after September 22, 2022).

## IV. GROUNDS FOR REMOVAL

10. Plaintiff alleges federal questions under 28 U.S.C. § 1331. This is because, under Section 301 of the LMRA (codified at 29 U.S.C. § 185), federal courts have jurisdiction over

---

[2] A court may consider documents referenced in the Complaint as support for the Notice of Removal. *See, e.g., Canesco v. Ford Motor Co.,* 570 F. Supp. 3d 872, 883 (S.D. Cal. 2021) (citing *Leite v. Crane Co.,* 749 F.3d 1117, 1122 (9th Cir. 2014)).

NOTICE OF REMOVAL – 3
(No. 2:24-cv-752)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

167597878.1

lawsuits alleging violations of labor contracts. 29 U.S.C. § 185(a). The purpose behind Section 301 preemption is "promoting arbitration and the uniform interpretation of collective bargaining agreement provisions." *Balcorta v. Twentieth Century–Fox Film Corp.*, 208 F.3d 1102, 1108 (9th Cir. 2000) (citation omitted). To further these statutory purposes, courts broadly apply preemption to "most state law actions that require interpretation of labor agreements." *Id.; see also Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 560 (1968) ("An action arising under [§] 301 [of the LMRA] is controlled by federal substantive law even though it is brought in a state court" and "is within the 'original jurisdiction' of the District Court.").

11. The Ninth Circuit uses a two-part test to determine whether state law claims are preempted by Section 301. First, the court must determine "whether the asserted cause of action involves a right conferred upon an employee" by the CBA, rather than by virtue of state law. *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1032 (9th Cir. 2016) (quoting *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007)). "If the right exists solely as a result of the CBA, then the claim is preempted, and *the analysis ends there*." *Id.* (emphasis added). If, on the other hand, the right exists independent of the CBA, the court moves to the second step, asking "whether the right 'is nevertheless substantially dependent on analysis of a collective bargaining agreement.'" *Id.* at 1032-33 (quoting *Burnside*, 491 F.3d at 1059). A state law claim is preempted to the extent it raises a question about the scope, meaning, or application of the CBA. *See Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1152-53 (9th Cir. 2019) (citing *Livadas v. Bradshaw*, 512 U.S. 107, 125 (1994)). Section 301 preempts state law claims that are "inextricably intertwined" with a labor contract. *Hayden v. Reickerd,* 957 F.2d 1506, 1509 (9th Cir. 1991). And Section 301 also preempts state law claims that are "substantially dependent" on interpretation of a labor contract. *Caterpillar Inc. v. Williams,* 482 U.S. 386, 394 (1987).

12. A party does not avoid federal jurisdiction by artfully pleading around necessary federal questions. *Federal Tx. Bd. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 22 (1983). "Artful pleading by the plaintiff will not be allowed to conceal the true nature of

NOTICE OF REMOVAL – 4
(No. 2:24-cv-752)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

167597878.1

the complaint." *Schroeder v. Trans World Airlines, Inc.*, 702 F.2d 189, 191 (9th Cir. 1983) *overruled on other grounds*, *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1246 (9th Cir. 2009). Under the artful pleading doctrine, a court may look beyond the face of the complaint to determine whether the plaintiff has artfully pleaded a federal claim under state law. *See Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1041 (9th Cir. 2003), *as amended* (Sept. 22, 2003).

### A. Meal Period Claims

13. Plaintiff's meal period claims (first and second causes of action) are based on rights created by the OPEIU CBA. Plaintiff purports to base her meal period claims on state regulations adopted under the authority of the Industrial Welfare Act, Wash. Rev. Code § 49.12, specifically, Wash. Admin. Code § 296-126-092. *See, e.g.,* Complaint at ¶¶ 6.2, 6.3. However, the Industrial Welfare Act explicitly authorizes public employers, like VMC, and public employee unions, like the OPEIU, to negotiate meal and rest break provisions that vary from or supersede Washington's meal and rest period regulations:

> Employees of public employers may enter into collective bargaining contracts, labor/management agreements, or other mutually agreed to employment agreements that specifically vary from or supersede, in part or in total, rules adopted under this chapter regarding appropriate rest and meal periods.

Wash. Rev. Code § 49.12.187; *see also Stafford v. Key Mech. Co.*, Case No. C21-5063-BHS-MLP, 2021 WL 2211287, at *5 (W.D. Wash. Apr. 27, 2021) (finding Section 301 preemption and recommending dismissal of meal period claim where CBA governed meal periods), *adopted*, 2021 WL 2206496 (June 1, 2021).

14. The OPEIU CBA varies from and supersedes Wash. Admin. Code § 296-126-092, in various ways, and thereby governs Plaintiff's meal period claims and preempts any claims based on inconsistent WAC regulations. For example, the state regulations provide that an employee who works an 11-hour shift must take a second, unpaid 30-minute meal break and would receive only

NOTICE OF REMOVAL – 5
(No. 2:24-cv-752)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

167597878.1

20 minutes of paid breaks, whereas under the OPEIU CBA, the same employee working an 11-hour shift would receive 30 minutes of paid breaks and would not be required to take a second unpaid meal break. *Compare* WAC § 296-126-092 *with* OPEIU CBA §§6.1 and 6.5. In addition, under the OPEIU CBA, VMC employees may request to combine their unpaid meal break with their paid breaks to create a single, longer break. WAC § 296-126-092 would not allow this. *See id.* at §6.5.

15. Plaintiff asserts only boilerplate allegations about alleged meal period violations, and she articulates no facts about the circumstances or instances in which she experienced the alleged meal period violations. *See generally* Complaint at ¶¶5.1-5.13. Upon information and belief, other CBA provisions will need interpretation, such as CBA sections regarding scheduling (Sections 6.1(b), 6.1(c), 6.2, or 6.4).

16. Plaintiff alleges that her meal period claims amount to a failure to pay her overtime; but her overtime entitlement is governed by the OPEIU CBA, which provides for daily, weekly, and bi-weekly overtime, including overtime that, at times, is paid at double the employee's regular rate. *Compare* Complaint at ¶¶4.4, 6.7 *with* OPEIU CBA at §6.3. For example, Plaintiff alleges that a meal period violation would entitle her and the putative class to wage damages at the overtime rate "when they worked more than forty hours in a week." Complaint at ¶4.4. Under the OPEIU CBA, however, an employee is entitled to overtime whenever they exceed their normal workday (*e.g.,* employee who normally works eight hour shifts begins earning overtime following their eighth daily hour of work, regardless of weekly hours), and occasionally on a bi-weekly basis when they exceed 80 hours (*e.g.*, employee works 50 hours in week one; 32 hours in week two; employee is entitled to two hours of overtime in week two even though that week did not exceed 40 hours). Moreover, the "overtime rate" in the OPEIU CBA is occasionally double the regular rate. *Id.* (providing for daily overtime at double the regular rate for shifts exceeding 12 hours). Caselaw establishing damages for violations of WAC § 296-126-092 does not provide for daily overtime, bi-weekly overtime, or overtime at double the regular rate.

NOTICE OF REMOVAL – 6
(No. 2:24-cv-752)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

167597878.1

17. Under the first step of the Ninth Circuit's analysis, Plaintiff's meal period rights are "grounded in the CBA." *Stafford v. Key Mech. Co. of Washington*, No. C21-5063-BHS-MLP, 2021 WL 2211287, at *1 (W.D. Wash. Apr. 27, 2021), *report and recommendation adopted*, No. C21-5063 BHS-MLP, 2021 WL 2206496 (W.D. Wash. June 1, 2021). Like in *Stafford,* "Plaintiff's right to rest and meal break claims presently alleged under Wash. Admin. Code § 296-126-092 is superseded by her right to rest and meal breaks as provided in the [OPEIU CBA]." *Id.* at *5. *See also Curtis v. Irwin Indus., Inc.,* 913 F.3d 1146 (9th Cir. 2019) (unpaid overtime claim was preempted because an applicable CBA met California's statutory requirements to supersede California overtime laws).

18. Should the Court reach the second part of the analysis, Plaintiff's claims are substantially dependent on interpretation of the CBA. It is undisputed that the Court must interpret whether Plaintiff's collective bargaining agreement varies from or supersedes Washington's regulations regarding meal periods at Wash. Admin. Code § 296-126-092. *See* Complaint at ¶4.5; *see also* OPEIU CBA; *Curtis,* 913 F.3d at 1152-53 (a state law claim is preempted to the extent it raises a question about the scope, meaning, or application of the CBA.). One question the Court must address, therefore, is whether and to what extent the terms of the OPEIU CBA apply.

19. Further, in the second part of the analysis, the Court must also interpret the OPEIU CBA to determine the scope of Plaintiff's meal period entitlement, including the number, timing, spacing, scheduling, and pay status of her meal periods. This may include interpreting "a thirty (30) minute unpaid meal period" in Section 6.1 to determine whether the OPEIU CBA entitles Plaintiff to: (a) a maximum of one meal period during the shift (waiving second meal periods); (b) a minimum of one meal period during the shift; or (c) one unpaid meal period during the shift and paid meal periods thereafter. Further, the Court must interpret Sections 6.1 and 6.5 together to determine how a combined meal and rest period affects the number, timing, spacing, scheduling, and pay status of meal periods.

20. Finally, the Court will also need to apply the OPEIU CBA's overtime provisions

NOTICE OF REMOVAL – 7
(No. 2:24-cv-752)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

167597878.1

by: (1) interpreting Section 6.3 to determine if an employee is eligible for daily overtime by exceeding their "normal workday"; (2) then interpreting Section 6.5(a) to determine when and whether a daily-overtime employee is entitled to an additional meal period, including whether the employee can combine the additional rest period entitlement with an unpaid meal period under Section 6.5; and (3) merging Sections 6.1, 6.5, and 6.5(a) together to determine the number, timing, spacing, scheduling, and pay status of meal periods for an employee working a shift stretching beyond their "normal workday." Given that there are many permutations, this is just one example how the OPEIU CBA must be interpreted and read together to identify an employee's meal period entitlement.

21. No matter how Sections 6.1, 6.5, and 6.5(a) are interpreted, the Court must interpret Section 6.3 to determine when and whether damages must be paid as daily overtime pay, bi-weekly overtime pay, and occasional overtime pay at double the regular rate.

22. Plaintiff seeks to represent every employee of VMC working in any position. Complaint at ¶4.1. This means 7 other CBAs are at issue in this action, each of which vary and supersede Wash. Admin. Code § 296-126-092. *See* Youngblood Decl. at Exs. B-H. Under the first step of the Ninth Circuit's analysis, Plaintiff's putative class claims are "grounded in the CBA." Further, to the extent the Court reaches the second part of the analysis to interpret the putative class CBAs, each putative class CBA must be analyzed and interpreted to determine the number, timing, spacing, scheduling, and pay status of meal periods.

23. Plaintiff's meal period claims are therefore preempted and removable to this Court under 28 U.S.C. § 1331, 1441 and 29 U.S.C. § 185.

### B. Failure to Rehire Claim

24. As described above, Plaintiff's third cause of action alleges that VMC failed to reinstate her to work after a "leave." Specifically, Plaintiff alleges that she exhausted an unspecified leave on September 15, 2022. Complaint at ¶¶5.14, 5.15. Plaintiff does not allege that she was on a paid or job-protected (statutory) leave when she resigned on September 15, 2022. *See*

NOTICE OF REMOVAL – 8
(No. 2:24-cv-752)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

167597878.1

*generally id.* Plaintiff further alleges that, at an unspecified date after resigning – during which she was not on a job-protected leave – VMC failed to reinstate her to a job position, resulting in an unlawful "refusal to rehire." *Id.* at VIII ("Third Cause of Action – Categorical **Refusal to Rehire** in Violation of the Washington Family Leave Act and Family Care Act.") (emphasis added).

    25.    The OPEIU CBA governs Plaintiff's unpaid leave and reinstatement rights:

> [Section 11.1] All leaves of absence without pay shall be requested by the employee in writing to their direct Supervisor/Manager as far in advance as possible, stating the reason for the leave and the amount of time requested. A written reply to grant or deny the request shall be given by the Employer as soon as possible but no later than thirty (30) calendar days. When more than one paid or unpaid leave type available in this Agreement or by law applies to a period bf approved time off, all such leave types, including FMLA leave and Washington Paid Family & Medical Leave, shall be used concurrently to the maximum extent allowed by law.
>
> [Section 11.3(a)] Subject to Sections 11.9 and 11.10, a paid or unpaid leave. not to exceed sixty (60) days within a rolling twelve (12) month period, including vacation, sick leave, and holiday if applied by the employee during such leave, shall not alter an employee's anniversary date of employment or the amount of accrual of vacation benefits or sick leave credits which would otherwise be earned by the employee. The same position and shift shall be available to the employee upon return from such leave. This section shall apply to leaves for health reasons, maternity or family leave, up to a period of ninety (90) days and pregnancy disability leave, up to a period of the disability. Within a rolling twelve (12) month period of time the combination of maternity, pregnancy medical or pregnancy disability leave and family leave (including FMLA leave and Washington Paid Family & Medical Leave) when taken together shall not exceed one hundred eighty (180) days or ninety (90) days, plus the period of disability, whichever is the longer. Other leaves may not be combined.
>
> [Section 11.3(b)] Authorized leaves for a period in excess of leave granted pursuant to Section 11.3(a), within an anniversary year shall

NOTICE OF REMOVAL – 9
(No. 2:24-cv-752)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

167597878.1

not alter the employee's anniversary date. Vacation benefits or sick leave credits shall not accrue during such leave unless specifically agreed to by the Employer. Upon return from an authorized leave of absence in excess of the leave granted under Section 11.3(a), the job to be offered is subject to the circumstances existing at the time of return to work and may not be the same position or shift as the job vacated at the time such leave commenced. If the job offered is at the employee's comparable rate of pay and number of hours worked, the employee shall accept the offer to return to work unless, in the Hospital's judgment, extenuating circumstances exist.

[Section 11.9] Upon completion of six (6) calendar months, employees who regularly work at least twenty-four (24) hours per week shall be granted family leave for a period of up to fourteen (14) weeks without loss of accrued unused benefits to the date of commencement of such leave with return to the employee's position as provided in 11.3(a).

This leave of absence shall be granted to: (a) care for a newborn or newly adopted child of the employee under the age of six (6) at the time of placement or adoption or (b) care for a child of the employee under the age of eighteen (18) years who has a terminal health condition. A leave of absence begins on the first absence from work or, in the case of childbirth, on the first day after the mother's temporary medical disability from childbirth has ended. Family leave shall be unpaid except: (a) an employee may use accrued paid time off as available and (b) an employee on leave to care for a terminally ill child may use accrued sick leave at the beginning of the leave as permitted by state law and thereafter use accrued vacation. Family leave must be completed within twelve (12) months after the birth or placement for adoption.

An employee on family leave not exceeding ninety (90) days from the date of the first absence from work shall be entitled to return to the employee's prior position. Thereafter, the employee shall be entitled to the first available position for which the employee is qualified. There shall be no loss of accrued unused benefits from the date of commencement of such leave. If both parents of the newborn or newly adopted child are employees, they shall be entitled to a

NOTICE OF REMOVAL – 10
(No. 2:24-cv-752)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

167597878.1

total, in combination, of ninety (90) days of family leave, to be granted to only one employee parent at a time.

Alleged violation of the family leave provision shall be submitted to the grievance procedure as set forth in Article 5 in accordance with the Family Leave Law.

26. The OPEIU CBA uses seniority, which is affected by failure to return from a leave of absence, as a factor in determining eligibility for job openings:

[Section 12.2] Seniority shall be broken only by the following:

a) Resignation

b) Discharge

c) Retirement

d) Layoff of more than twelve (12) months

e) Failure to return in accordance with the term of a leave of absence or failure to respond within three (3) days of written notice of recall from layoff as provided in 13.8(a).

[Section 12.4] Employees will be considered for job openings in accordance with Section 4.2, in the following order:

a) Employees in a department shall be considered first for job openings in their department

b) Employees eligible for recall under Section 13.8

c) Employees who are on an approved contractual leave of absence under Article 11, but who are not eligible to return to their pre-leave position, will be considered for job openings that are in the same job classification and department from which the employee took leave, that have an FTE within .1 of the employee's pre-leave FTE, and for which the employee is qualified and able to perform all the required competencies of the open position. Such consideration will be given for up to twelve (12) months from the commencement of the employee's leave of absence. If a position is offered to the employee and not taken, the employee will have no further right to consideration before

NOTICE OF REMOVAL – 11
(No. 2:24-cv-752)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

167597878.1

        other employees and external applicants. If a position is accepted the employee will be subject to such performance and discipline conditions as would have existed had the employee not taken any leave.

        d) All other employees and external applicants.

27. In addition to her allegations that she was not reinstated under the OPEIU CBA's unpaid leave provisions, Plaintiff seemingly alleges that other candidates, including "all other employees and external candidates" were considered for job openings before her in violation of the OPEIU CBA. *Compare* OPEIU CBA at §12.4(d) *with* Complaint at ¶5.16. Further, Plaintiff seemingly alleges that she was "disciplined" without "just cause" for her failure to follow VMC's notice requirements. *See* Complaint at ¶5.17.

28. Here, Plaintiff's claims a "refusal to rehire" after she exhausted her personal leave. Complaint at ¶¶5.16, VIII; Youngblood Decl. at ¶5, Ex. I. Yet, Plaintiff has no statutory right to "rehire" under state law after exhausting a personal leave of absence. *See* Youngblood Decl. at ¶5, Ex. I (Plaintiff was on a "personal" leave of absence). Thus, the only possible basis for Plaintiff to claim a right to rehire is under the OPEIU CBA.

29. Plaintiff cites three statutes related to the alleged failure to rehire, none of which apply to unpaid personal leaves:

    a. Plaintiff cites Washington's Paid Family and Medical Leave Act, Wash. Rev. Code § 50A ("WPFML"), in Paragraphs 1.2, 8.2-8.4, and IX.C of the Complaint. However, WPFML only pertains to paid leaves administered through the Washington Employment Security Department ("ESD"). *See* Wash. Rev. Code § 50A.05.005; .010(4); .020. Plaintiff makes no allegations that she was on a state-approved paid leave through the ESD at any time during her employment, let alone when VMC allegedly failed to reinstate her to work. *See generally* Complaint. Rather, Plaintiff's claims pertain to a period of unpaid personal leave, Youngblood Decl. at ¶5, Ex. I,

NOTICE OF REMOVAL – 12
(No. 2:24-cv-752)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

167597878.1

and accordingly, Plaintiff's claims are not based on the WPFML.

  b. Plaintiff also cites Washington's Family Care Act, Wash. Rev. Code § 49.12 ("FCA"), in Paragraphs 1.2, 8.5, VIII, and IX.C of the Complaint. The FCA provides that employees can use their existing *paid time off* to care for a family member with a serious or emergency health condition. Wash. Rev. Code § 49.12.270. Further, "[t]he employee taking leave under the circumstances described in this section must comply with the terms of the collective bargaining agreement…." Like her WPFML allegations, Plaintiff makes no allegations that she used paid leave at any time during her employment for FCA-qualifying purposes, nor does she allege that she was using paid leave for FCA-qualifying purposes when VMC allegedly failed to reinstate her to work. *See generally* Complaint. Plaintiff's claims pertain to a period of unpaid personal leave, Youngblood Decl. at ¶5, Ex. I, and accordingly, Plaintiff's claims are not based on the FCA.

  c. As a third statutory basis, Plaintiff cites Washington's Family Leave Act, ("FLA") in Paragraph VIII of the Complaint. With the passage of the WPFML, Washington repealed the FLA, previously codified at Wash. Rev. Code § 49.78. Washington State Legislature, Chapter 49.78 RCW Dispositions, https://apps.leg.wa.gov/RCW/dispo.aspx?cite=49.78 (last accessed May 28, 2024). Thus, Plaintiff's claims are not based on the FLA.

30. Plaintiff's allegations, therefore, can only rest on the OPEIU CBA. Indeed, the OPEIU CBA may entitle an employee to reinstatement for certain unpaid leaves. *See, e.g.,* OPEIU CBA at §§11.3(a), 11.3(b), and 11.9.

31. Plaintiff's reinstatement claims are therefore preempted and removable to this Court under 28 U.S.C. § 1331, 1441 and 29 U.S.C. § 185.

NOTICE OF REMOVAL – 13
(No. 2:24-cv-752)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

167597878.1

## V. ACTION REMOVABLE

32. This action is removable to this Court under 28 U.S.C. § 1441 because this Court would have had original jurisdiction over Plaintiff's claims had they been initially filed in federal court; all claims are preempted by federal law. *See* 28 U.S.C. § 1331 (providing for federal question jurisdiction), 29 U.S.C. § 185(c) (giving federal court jurisdiction over suits involving labor organizations); *Avco Corp*, 390 U.S. at 560.

33. This Court is the district court of the United States for the district and division "embracing the place where [the state court] action is pending," and is therefore the appropriate court for removal. 28 U.S.C. § 1441(a).

34. VMC removes this action to the Seattle Division of this Court because, as pled, Plaintiff's claims arose in King County and the action is pending there. *See* Complaint at ¶¶2.1-2.4.

35. This Notice is filed with the Court within thirty days after VMC received the Complaint, in accordance with 28 U.S.C. § 1446(b). The deadline for VMC to remove the action has not expired. Bushaw Decl. at ¶5. VMC has not voluntarily invoked or submitted to the jurisdiction of the Superior Court of the State of Washington for King County related to the above-captioned matter. *Id.*

## VI. PLEADINGS FILED

36. Copies of all process and pleadings filed in this case and found in the files of the Superior Court of the State of Washington for King County are attached to the Declaration of Emily A. Bushaw in Support of Notice of Removal filed with this Notice.

NOTICE OF REMOVAL – 14
(No. 2:24-cv-752)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

167597878.1

Dated: May 30, 2024

By: *s/ James Sanders*
James Sanders, WSBA #24565

By: *s/ Emily A. Bushaw*
Emily A. Bushaw, WSBA #41693

By: *s/ Kyle D. Nelson*
Kyle D. Nelson, WSBA #49981

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000
JSanders@perkinscoie.com
EBushaw@perkinscoie.com
KyleNelson@perkinscoie.com

*Attorneys for Valley Medical Center*

NOTICE OF REMOVAL – 15
(No. 2:24-cv-752)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

167597878.1

# CERTIFICATE OF SERVICE / SERVICE LIST

On May 30, 2024, I caused to be served upon the below-named counsel of record, at the address stated below, via the method of service indicated, a true and correct copy of the foregoing document.

**Attorneys for Plaintiff Sonja Starks**

| | |
|---|---|
| James B. Pizl, WSBA #28969<br>Justin Abbasi, WSBA #53582<br>Ari Robbins Greene, WSBA #54201<br>**ENTENTE LAW PLLC**<br>315 39th Ave SW, Suite 14<br>Puyallup, WA 98373<br>Phone: 253.446.7668<br>Fax: 253.251.1276<br>Email: jim@ententelaw.com<br>Email: justin@ententelaw.com<br>Email: ari@ententelaw.com | ☐ Via hand delivery<br>☐ Via U.S. Mail, 1st Class, Postage Prepaid<br>☐ Via Overnight Delivery<br>☐ Via Email<br>☑ Via CM/ECF |

**Attorneys for Defendant Valley Medical Center**

James Sanders, WSBA #24565
Emily A. Bushaw, WSBA # 41693
Kyle D. Nelson, WSBA # 49981
**Perkins Coie LLP**
1201 3rd Avenue, STE 4900
Seattle, WA 98101
Phone: 206.359.8000
Fax: 206.359.9000
Email: JSanders@perkinscoie.com
Email: EBushaw@perkinscoie.com
Email: KyleNelson@perkinscoie.com

**I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.**

EXECUTED at Seattle, Washington, on May 30, 2024.

s/ *Kyle D. Nelson*
Kyle D. Nelson, WSBA #49981

CERTIFICATE OF SERVICE
(No. 2:24-cv-752)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

167597878.1